UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA CARMAN, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-1824 |
| § | |
| MERITAGE HOMES CORPORATION, *et al*, § | |
| § | |
| Defendants. § | |

## JURY INSTRUCTIONS

The following instructions were presented to the jury on the 22nd day of May, 2014.

Signed this 22th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Court

# I.

# GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

You must answer all questions from a preponderance of the evidence. Preponderance of the evidence means the greater weight and degree of the credible evidence before you. In other words, a preponderance of the evidence simply means evidence that persuades you that the claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction

between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## II.

## FAIR LABOR STANDARDS ACT (29 U.S.C. SEC. 216)

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of overtime pay for work performed in excess of 40 hours in a given workweek. Here, each Plaintiff claims that Meritage violated the Fair Labor Standards Act by failing to pay overtime wages for weeks in which she worked more than 40 hours during the time period relevant to her claims. Meritage asserts that it is not liable to Plaintiffs because Plaintiffs were each properly compensated for all hours worked, and Plaintiffs did not have any uncompensated overtime hours. Further, Meritage claims it is not liable to the Plaintiffs because it did not have actual or constructive knowledge that Plaintiffs did not report all hours Plaintiffs allegedly worked.

To establish a claim under the Fair Labor Standards Act, each Plaintiff must prove each of the following essential elements by a preponderance of the evidence:

1. That Meritage employed the Plaintiff during the time period involved;

2. That each Plaintiff was engaged in commerce or in the production of goods for commerce, or that Meritage employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000; and

3. That Meritage failed to pay Plaintiff the overtime pay required by law.

For purposes of a Fair Labor Standards Act overtime claim, an employee is "employed by" the employer if the employee proves that the employer had knowledge, actual or constructive, that the employee was working overtime hours without compensation. Where an employer knows or should have known that an employee is working overtime without compensation the Fair Labor Standards Act is violated. The fact that an employer has access to an employee's activities or time records does not automatically mean that the employer knew or should have known that the employee was working overtime hours without compensation. Further, an employer has the right to require employees to follow specific procedures in order to work and receive payment for overtime hours and an employee's failure to follow such procedures does not automatically make the employer responsible for a violation of the Fair Labor Standards Act.

If you find that the Plaintiffs' supervisor or manager knew or had reason to believe that the Plaintiffs performed work for Meritage without reporting it on their time sheets, then that time must be compensated as damages.

Knowledge of a supervisor is imputed to the employer, and it is sufficient that a manager or supervisor, acting with reasonable diligence, had the opportunity to acquire the knowledge that the Plaintiffs were working.

You are instructed that the Parties have stipulated to the fact that at all times relevant to each Plaintiffs' claims, each Plaintiff was engaged in commerce or in the production of goods for commerce, or Meritage employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000. Therefore, the second element of each Plaintiff's claim has been established.

If, after considering all of the evidence, you find that a Plaintiff has failed to prove by a preponderance of the evidence that Meritage failed to pay her the overtime pay required by law, your verdict must be for Meritage as to that Plaintiff.

If, however, you find that a Plaintiff has proved by a preponderance of the evidence all of the elements of her claim, then your verdict must be for that Plaintiff and you must determine the damages that Plaintiff is entitled to recover, if any.

The measure of damages is the difference between what Meritage should have paid the employee under the law for any overtime hours worked and the amount that you find Meritage actually paid.

## STIPULATIONS

In this case, the parties have agreed that certain facts are not disputed. Their agreement is set forth in stipulations presented to the Court. Because the stipulations are facts which are not disputed, no additional evidence is required with regard to those facts, and you must consider those facts as having been proved. You are instructed that the parties have stipulated, or agreed, that the following facts are not disputed:

1. The time period relevant to Plaintiff Carman's claims for overtime compensation is May 12, 2008 through December 31, 2010, the date her employment with Meritage ended;

2. The time period relevant to Plaintiff Cochran's claims for overtime compensation is July 7, 2008 through August 14, 2009, the date her employment with Meritage ended;

3. The time period relevant to Plaintiff Doyle's claims for overtime compensation is June 15, 2008 through November 30, 2010, the date her employment with Meritage ended;

4. At all times relevant to each Plaintiff's claims, each Plaintiff was engaged in commerce or in the production of goods for commerce, or Meritage employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000.

## OVERTIME WAGES AND REGULAR RATE OF PAY

An employer must pay its employees at least one and one-half times their regular rate for overtime work. An employee's regular rate is the basis for calculating any overtime pay due the employee. You are instructed that each Plaintiffs' regular rate of pay is as follows:

| | |
|---|---|
| Angela Carman | $11.00 per hour |
| Lori Cochran | $10.00 per hour July 7, 2008 – October 8, 2008; and |
| | $11.00 per hour October 9, 2008 – August 14, 2009 |
| Judith Doyle | $12.00 per hour |

## CONSIDER EACH PLAINTIFF SEPARATELY

Each of the three Plaintiffs asserts a separate claim against Meritage. You are instructed that each Plaintiff bears the burden of proving her claim that Meritage failed to pay her overtime. You must consider each Plaintiff separately, and determine whether she has sustained the burden of proof as it applies to her claim for overtime pay. A verdict for each of the Plaintiffs as to each claim should likewise be considered separately. Of course, some evidence may pertain to more than one Plaintiff or claim.

## RECORDKEEPING

When the employer has kept proper and accurate records about the time worked by a Plaintiff, each Plaintiff may rely on those payroll records to establish the number of hours worked and the compensation paid. If the employer does not maintain records of the hours worked by its employees, or maintains incomplete or inaccurate records, the Plaintiffs' burden of showing the hours worked in a workweek and the amount of compensation received for that workweek may be satisfied by other evidence sufficient to show, by a just and reasonable inference, the number of hours worked in a work week.

Nevertheless, an employee does not waive her right to receive overtime by signing a document or by failing to object to the lack of overtime pay. The law prohibits an employee from entering into an agreement to be paid less than federal law requires.

## *DE MINIMIS* TIME

For purposes of determining hours worked under the Fair Labor Standards Act, you should disregard otherwise compensable work when the matter in issue concerns only a few minutes of work beyond scheduled hours. It is only when an employee is required to give up a substantial amount of time and effort on behalf of the employer that compensable working time is involved.

## SUFFERED OR PERMITTED TO WORK

Work not requested but suffered or permitted is work time. If the employer knew or had reason to believe that the employee was continuing to work, then the time is work time and it must be paid time. For example, an employee may voluntarily continue to work after the end of her work shift. The reason that the employee continues to work beyond her shift is immaterial. It is the duty of the employer to exercise its control and see that work is not performed if it does not

want it to be performed. The employer cannot sit back and accept the benefits of work without compensating the employee for the work performed.

## WILLFUL VIOLATION CLAIM

If you determine that Meritage violated the Fair Labor Standards Act, you must consider whether that violation was "willful." Each Plaintiff bears the burden of proving by a preponderance of the evidence that any violation of the Fair Labor Standards Act was "willful." An employer acts willfully where it knows or shows reckless disregard for whether its actions are unlawful under the Fair Labor Standards Act.

III.

INTERROGATORIES

**QUESTION NO. 1**

Do you find from a preponderance of the evidence that Angela Carman worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "Yes," proceed to Question No. 2. If you answered "No," proceed to Question No. 5.

**QUESTION NO. 2**

Do you find from a preponderance of the evidence that Meritage knew or should have known that Angela Carman worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "Yes," proceed to Question No. 3. If you answered "No," proceed to Question No. 5.

**QUESTION NO. 3**

What amount of unpaid overtime wages, if any, is owed to Plaintiff Angela Carman by Defendants?

Answer in dollars and cents, if any, or "none."

a) For the period May 12, 2009 through December 31, 2010: $ __2000.00__

b) For the period May 12, 2008 through May 11, 2009: $ __2000.00__

If you answered "Yes" to Questions No. 1 and No. 2, proceed to Question No. 4. If you answered "No" to either question, proceed to Question No. 5.

**QUESTION NO. 4**

Do you find from a preponderance of the evidence that Meritage willfully violated the Fair Labor Standards Act with respect to the way it compensated Angela Carman?

ANSWER "Yes" or "No."

ANSWER: _No_

**QUESTION NO. 5**

Do you find from a preponderance of the evidence that Lori Cochran worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes," proceed to Question No. 6. If you answered "No," proceed to Question No. 9.

**QUESTION NO. 6**

Do you find from a preponderance of the evidence that Meritage knew or should have known that Lori Cochran worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes," proceed to Question No. 7. If you answered "No," proceed to Question No. 9.

**QUESTION NO. 7**

What amount of unpaid overtime wages, if any, is owed to Plaintiff Lori Cochran by Meritage?

Answer in dollars and cents, if any, or "none."

a) For the period July 7, 2009 through August 14, 2009: $ 1,000.00

b) For the period July 7, 2008 through July 6, 2009: $ 1,000.00

If you answered "Yes" to Questions No. 5 and No. 6, proceed to Question No. 8. If you answered "No" to either question, proceed to Question No. 9.

**QUESTION NO. 8**

Do you find from a preponderance of the evidence that Meritage willfully violated the Fair Labor Standards Act with respect to the way it compensated Lori Cochran?

ANSWER "Yes" or "No."

ANSWER: No

**QUESTION NO. 9**

Do you find from a preponderance of the evidence that Judith Doyle worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes," proceed to Question No. 10. If you answered "No," you do not need to answer any additional questions.

QUESTION NO. 10

Do you find from a preponderance of the evidence that Meritage knew or should have known that Judith Doyle worked off-the-clock hours that exceeded 40 hours in a workweek?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "Yes," proceed to "Question No. 11." If you answered "No," you do not need to answer any additional questions.

QUESTION NO. 11

What amount of unpaid overtime wages, if any, is owed to Plaintiff Judith Doyle by Meritage?

Answer in dollars and cents, if any, or "none."

a) For the period June 13, 2009 through November 30, 2010: $ __1,000.00__

b) For the period June 13, 2008 through June 12, 2009: $ __1,000.00__

If you answered "Yes" to Questions No. 9 and No. 10, proceed to Question No. 12. If you answered "No" to either question, you do not need to answer any additional questions.

QUESTION NO. 12

Do you find from a preponderance of the evidence that Meritage willfully violated the Fair Labor Standards Act with respect to the way it compensated Judith Doyle?

ANSWER "Yes" or "No."

ANSWER: __No__

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return our unanimous verdict into Court.

_____
Jury Foreperson

_May 22, 2014_
Date