UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA CARMAN, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-1824 |
| MERITAGE HOMES CORPORATION, *et al*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

**I.**

Before the Court are the defendants', Meritage Homes Corporation and Meritage Homes of Texas, LLC ("Meritage"), renewed motion for judgment as a matter of law [Doc. No. 128] and the plaintiffs', Angela Carman, Lori Cochran and Judith Doyle, response to Meritage's renewed motion for judgment [Doc. No. 134]. After a careful review of the transcript of testimony, the motion, response and arguments presented, the Court is of the opinion that Meritage's motion should be granted.

**II.**

At the conclusion of the presentation of evidence, Meritage moved for a judgment as a matter of law [Doc. No. 97, minutes entry]. The Court overruled Meritage's motion and submitted the case to a jury. After a jury verdict was reached that favored the plaintiffs, the Court entered a Final Judgment on July 24, 2014 [Doc. No. 126]. The dispute between the parties centered on "off-the-clock" overtime pay claimed by the plaintiffs. However, the jury found against the plaintiffs on their willfulness claim which had the effect of denying the plaintiffs a third year of damages. At the time of Meritage's motion the Court expressed reservations concerning the expediency of presenting the plaintiffs' case to the jury in light of the

totality of the evidence received. Now, having reviewed the evidence, motion and response, the Court is of the opinion and concludes that the evidence fails to support, and the "policy of the law" dictate against, a recovery by the plaintiffs.

The undisputed evidence establishes that:

a) the plaintiffs were employed as part-time sales assistants authorized to work 30 hours per week during the relevant time from 2006 to or through 2010;

b) each plaintiff was supervised by multiple sales mangers during the course of their employment all of whom instructed the plaintiffs that Meritage would not authorize overtime pay that was not authorized and, therefore, they were not permitted to work over 30 hours per week. Nevertheless, even if or when they exceeded 30 hours, Meritage required that all hours worked be reported. *See* [Defendant's Exhibits 12, 32, 37, 62 and 63];

c) the plaintiffs were in charge of recording their work hours and, when they worked hours beyond the 30 hours authorized, they were to report the excess hours. In fact, they were paid for the additional time reported. It follows that, any off-the-clock regular hours worked or off-the-clock over 40 hours worked, were not recorded, and, therefore, not paid;

d) the plaintiffs executed two documents at the time of their employment; a Policy Regarding Compensation for Sales Assistants and a Compensation Policy for Texas Model Home Administrators. *See* [Defendants' Exhibits 49, 57 and 58]. The terms of that Policy documents provided in part:

    1. "Meritage will pay me for the actual hours worked per week, as set forth in my weekly time sheets submitted online by me."

    2. [I am to] to "submit a complete and accurate online time sheet to Meritage on a daily basis reflecting the total number of hours worked by me in each work week."

    3. "at no time will I be allowed to work more than 30 hours a week." If additional hours are necessary "they must be approved in advance," and "I will not work any additional hours unless authorized to do so."

    4. "Working above 40 hours a week under any circumstance is strictly prohibited and it is my responsibility to track my hours weekly and adhere to this policy."

        5.    "any violations of this policy will be subject to disciplinary action, up to and including immediate termination of employment."

        6.    "Any and all payments to [me] must be made through [Meritage's] payroll system…using established payroll processes and procedures." *See* [Defendants' Exhibits: 13, 21, 33, 60 and 61].

e)    based on the plaintiffs' testimony, the plaintiffs knowingly and intentionally submitted false timesheets with the approval of several of their sales managers;

f)    between the plaintiffs and one or more of their sales managers, the plaintiffs would receive compensation from the sales managers for extra unrecorded hours paid from real estate sales made by the managers yet unknown to Meritage;

g)    Meritage's timekeeping/payroll system was designed to prevent the very conduct that the plaintiffs admit they deliberately engaged in;

h)    the plaintiffs kept no records establishing off-the-clock regular hours worked, up to the 40, hours necessary to reach the threshold for off-the-clock overtime pay; and

i)    in light of Meritage's policies, the plaintiffs failed to present "definite and certain" records concerning each work week from which a jury might determine the propriety of their claims.

## III.

Assuming that the jury found credible, the testimony of the plaintiffs, that they worked off-the-clock regular and overtime hours as they claim, a jury verdict based on their testimony alone cannot stand. There is no evidence, beyond the records, that Meritage knowingly permitted or suffered the plaintiffs to work as they claim. 29 U.S.C. § 207(a). Where an employer has no reason to know that an employee is working overtime, or has been deliberately prevented from knowing about the practice, no overtime violation has occurred. *See* 29 U.S.C. §§ 203 and 207; *see also Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). The plaintiffs knew of Meritage's policy regarding overtime, yet they repeatedly prepared and submitted timesheets that were false or inaccurate. An employee cannot be heard to purposely

exclude alleged time worked from her timesheets that exceeded 40 hours, only to file suit for overtime pay. *See Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005).

The Court is of the opinion that Meritage's renewed motion for a judgment as a matter of law, pursuant to Federal Rules of Civil Procedure, Rule 50 should be granted.

It is so Ordered.

SIGNED on this 30th day of September, 2014.

_____
Kenneth M. Hoyt
United States District Judge